UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JOSEPH S. SAMRA, )
    Plaintiff )
  )
vs. )   Civil Action No. 4:18CV11698
  )
PHH MORTGAGE CORP. and )
KORDE & ASSOC., P.C., )
    Defendants )

## JOINT STATEMENT

The Plaintiff, Joseph S. Samra ("Samra") and the Defendants, PHH Mortgage Corporation ("PHH") and Korde & Associates, P.C. ("Korde")(collectively, "Defendants"), hereby submit the following Joint Statement pursuant to Local Rule 16.1.

### I. INTRODUCTION

#### Defendant's Contribution

Defendants say that Plaintiff Joseph S. Samra did not participate in the drafting or discussion related to this Joint Statement because he refused to communicate with the Defendants, despite their numerous attempts to confer regarding the statement. The Defendants say that the Court should take whatever action it deems appropriate to sanction Samra, an experienced Massachusetts attorney, for his refusal to comply with his obligations under L.R. 16.1 and this Court's Order dated November 8, 2018.

The Defendants further say that this matter arises out of Plaintiff's allegations that PHH and Korde engaged in unfair debt collection practices and that PHH committed a breach of contract related to its mortgage servicing and foreclosure processes.

Defendants maintain that Plaintiff's allegations are without merit for the reasons stated in their oppositions to the Plaintiff's preliminary injunction motions.

Defendants counsel have conferred together and have attempted to confer with the Plaintiff to secure consensus regarding a discovery timeline pursuant to the requirements of these local rules. Defendants say that the Plaintiff has not responded to numerous electronic mail or phone communications, sent by both Defendants, and it is understood that mailings to Samra's residence are being returned as undeliverable. Accordingly, the Defendant's have formulated the following proposed discovery timeline without knowledge as to whether Plaintiff intends to continue to prosecute the pending litigation.

### Plaintiff's Contribution [1]

Beginning at the end, the Plaintiff says that even if arguendo, all of the facts set forth in Defendants extensive discussion of regarding the Plaintiff and/or his failure to abide by local rules relative to the preparation of the Joint Statement were true, it is of no consequence since the Plaintiff has agreed to the Discovery Schedule proposed by the Defendants.

The Plaintiff further states that subsequent to the drafting and service of Defendant's collaborative contributions to this "Joint Statement", Samra contacted both Defense counsel and apologized to each for the untimely nature of his response, and by way of explanation and not excuse, he informed them both that he has been pre-occupied

---

[1] Plaintiff recognizes the unusual order in which he addresses the positions of the respective parties in this matter, however, given the nature of the many assertions made by Defense counsel against the Plaintiff in their contribution to this Joint Statement, he does so for ease of comprehension by the Court.

with an urgent personal matter requiring his presence in Harrisburg, PA for the past month.[2]

More importantly, the Plaintiff informed Defense counsel that he agreed with their "Discovery Schedule", but he also reminded them of his intention to file an Amended Complaint that (a.) will assert a number of additional causes of action based on the same facts that were asserted by him in his original previously filed Complaint and Affidavit; and (b.) that it will include additional causes of action based on certain acts and/or omissions of PHH that have occurred since the original Complaint was filed.

Plaintiff concluded his communication with Defense Counsel by seeking teleconference audience with both in order to further discuss the Joint Statement including the nature of the (proposed) Amended Complaint and to offer them the opportunity to add or otherwise amend the Joint Statement, however both counsel declined to do so due to scheduling.

## II PROPOSED DISCOVERY TIMELINE

1. **Initial Disclosures.**

   Initial disclosures required by Fed.R.Civ.P. 26(a)(1) must be completed by: January 15, 2019.

2. **Amendments to Pleadings.**

   Except for good cause shown, no motion seeking leave to add new parties or to amend the pleadings to assert new claims or defenses may be filed after: February 1, 2019.

---

[2] Samra is a solo practitioner in the trust sense without support staff.

3. **Fact Discovery – Interim Deadlines.**

   a. All requests for production of documents and interrogatories must be served by: <u>February 15, 2019.</u>

   b. All requests for admissions must be served by <u>March 15, 2019.</u>

   c. All depositions, other than expert depositions, must be completed by: <u>May 15, 2019.</u>

4. **Fact Discovery – Final Deadline.**

   All discovery, other than expert discovery, must be completed by: <u>May 15, 2019.</u>

5. **Status Conference.**

   A status conference will be scheduled by the Court. Defendants, however, , believe that it may be prudent to schedule a status conference at least 21 days before the close of discovery so that the parties may discuss any outstanding discovery issues before the scheduled period for discovery expires.

6. **Expert Discovery**

   a. Plaintiff(s)' trial experts must be designated, and the information contemplated by Fed.R.Civ.P. 26(a)(2) must be disclosed by: <u>June 15, 2019.</u>

   b. Plaintiff(s)' trial expert must be deposed by: <u>July 15, 2019.</u>

   c. Defendant(s)' trial expert must be designated, and the information contemplated by Fed.R.Civ.P. Rule 26(a)(2) must be disclosed by: <u>July 15, 2019.</u>

   d. Defendant(s)' trial expert must be deposed by <u>August 15, 2019.</u>

7. **Dispositive Motions.**

    Dispositive motions, such as motions for summary or partial summary judgment and motions for judgment on the pleadings, must be filed no later than: August 15, 2019.

    Oppositions to dispositive motions must be filed within 21 days after service of the motion.

8. **Initial Pretrial Conference**

    An initial pretrial conference will be held on _____ at 11:00 a.m. The parties shall prepare and submit a pretrial memorandum in accordance with Local Rule 16.5(D) five business days prior to the dated of the conference, except that the parties need not include matters required by Local Rule 16.5(D)(2) or (3).

## III. ALTERNATIVE DISPUTE RESOLUTION

The parties previously submitted this matter to mediation before the Chief Magistrate of this Court. Parties believe that the nature of this action is such that future alternative disputer resolution will not be productive and recommend that the case proceed to trial at this Court's earliest convenience.

## IV. SETTLEMENT PROPOSALS

The parties engaged in some settlement discussions at the outset of the case – before, during and after the Court-ordered mediation. Those efforts were unsuccessful. Plaintiff has not provided with the Defendants with any other written settlement proposal since this time. Accordingly, there is nothing for the

Defendants to respond to at or before the December 21, 2018 scheduling conference.

Plaintiff is prepared to engage the Defendants in settlement discussions after service of the Amended Complaint. Until that time, Defendants will not be able to accurately assess the full nature of their exposure.

## V. CERTIFICATIONS

The certifications required by Local Rule 16.1(d)(3) will be filed under separate cover by each of the parties.

**RESPECTIVELY SUBMITTED**
By the Plaintiff, Pro Se:

_____
Joseph S. Samra, Plaintiff
124 Coburn Avenue
Worcester, MA 01604
Attorneysamra@AOL.com
(508) 754-0047
Fax – (508) 797-0992

| | |
|---|---|
| **KORDE & ASSOCIATES, P.C.** <br> By their attorney, | **PHH MORTGAGE CORP.** <br> By their attorney, |
| David B. Mack, BBO No. 631108 <br> dmack@ocmlaw.net <br> Joseph P. Calandrelli, BBO No 66128 <br> jcalandrelli@ocm.net <br> O'Connor, Carnathan and Mack, LLC. <br> 1 Van de Graaf Dr., Suite 104 <br> Burlington, MA 01803 <br> T: 781 359-9000 | Clint D. Watts, BBO.BBO# 692866 <br> cwatts@mdmc-law.com <br> McElroy, Deutsch, Mulvaney <br> & Carpenter, LLP <br> Metro East Office Park <br> 117 Metro Center Blv, Suite 1004 <br> Warwick, RI 02886 <br> T: 401-298-9001 |