UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
**JOSEPH S. SAMRA.,**               )
                                    )   CIVIL ACTION
             **Plaintiff,**         )
                                    )   NO. 4:18-11698-TSH
        v.                          )
                                    )
**PHH MORTGAGE CORPORATION &**      )
**KORDE & ASSOCIATES, P.C.,**       )
                                    )
             **Defendants.**        )
_____ )

## ORDER AND MEMORANDUM ON DEFENDANTS' MOTION FOR AWARD OF FEES AND COSTS UNDER FED. R. CIV. P. 11 (Docket No. 58)

**October 7, 2019**

**HILLMAN, D.J.**

Joseph S. Samra ("Plaintiff") filed an action against PHH Mortgage Corporation ("PHH") and Korde & Associates, P.C. ("Korde") (collectively, "Defendants"), alleging that PHH breached the terms of the mortgage and the implied covenant of good faith and that Defendants violated the Fair Debt Collections Practices Act ("FDCPA"). On June 14, 2019, I granted in part and denied in part Korde's motion for sanctions and granted Defendants' motions to dismiss. (Docket No. 60). Korde now moves for attorneys' fees and costs under Federal Rule of Civil Procedure 11. (Docket No. 58). For the following reasons, I ***grant*** the motion.

Rule 11 requires that an attorney certify "to the best of his knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," that the filing's factual allegations "have evidentiary support" and that its legal contentions "are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for

1

establishing new law." Fed. R. Civ. P. 11(b). A court has discretion to "impose an appropriate sanction" on any party that violates these requirements. Fed. R. Civ. P. 11(c).

I determine that Plaintiff violated the requirements of Rule 11. Plaintiff filed a Complaint containing unsupported factual allegations. For example, he alleged that Korde unlawfully billed him $1,200 for legal work it had not performed and that, when he attempted to pay the outstanding balance minus these attorneys' fees and expenses, Korde refused to accept his payment. (Docket No. 59 at 9–11). Korde, however, has submitted documentary evidence that it twice offered to waive attorneys' fees and expenses if Plaintiff would pay the outstanding balance of the loan. (Docket No. 59 at 66–68, 165, 167–69). Indeed, Korde made one of these offers on August 7, 2018, one day before Plaintiff filed his suit in state court and moved, *ex parte*, for a temporary restraining order or preliminary injunction.

Plaintiff also pursued a legal contention after it became frivolous during the litigation. In March 2019, the Supreme Court determined in *Obduskey v. McCarthy & Holthus, LLP*, 139 S. Ct. 1029 (2019), that a law firm performing a non-judicial foreclosure is not a "debt collector" under the FDCPA. This decision barred Plaintiff's FDCPA claim, which relied on Korde, a law firm performing a non-judicial foreclosure, qualifying as a "debt collector." Korde informed Plaintiff of the *Obduskey* decision on April 1, 2019. Plaintiff, however, ignored Korde's letter and continued to litigate his FDCPA claim. (Docket No. 59 at 204–13).

In sum, Plaintiff's case began and continued under false pretenses. I find that an award of attorneys' fees and costs arising after Plaintiff filed his Complaint is an appropriate sanction for

these violations of Rule 11.[1] I therefore ***grant*** Korde $27,824.50[2] in attorneys' fees and $1,022.60[3] in costs.

## Conclusion

For the reasons stated above, Korde's motion is ***granted***. (Docket No. 58).

**SO ORDERED**

*/s/ Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**

---

[1] I decline to award attorneys' fees and costs incurred in responding to Plaintiff's June 2018 demand letter. I premise the award of sanctions on false allegations in the Complaint and a legal contention that became frivolous during the proceedings. As Plaintiff committed these Rule 11 violations *after* sending the demand letter, it is not appropriate to award Korde attorneys' fees and costs associated with the demand letter.

[2] I have subtracted $3,862.00 in attorneys' fees for June and July 2018, as well as $35.00 in fees included in both the November and December 2018 calculations (Docket Nos. 62 at 4, 62-1 at 10–11) and $60.24 in fees included in both the December and January calculations (Docket Nos. 62 at 4, 62-1 at 13–14).

[3] I have subtracted $24.48 in costs for June and July 2018 and $79.74 in copying expenses for which Korde provides no documentation.